NINTH JUDICIAL DISTRICT
Fi
2021 JUN 15 PM 12: 02

*Rex F. Wilkinson*
CLERK ~ ~ COURT

## SUMMONS

| | |
|---|---|
| District Court: Ninth Judicial Roosevelt County, New Mexico Court Address: 109 W. First St. Portales, New Mexico 88130 Court Telephone No.: (575) 359-6920 | Case Number:    D-911-CV-2021-00090<br><br>Judge: Donna Mowrer |
| Plaintiff(s): Andrea Pankratz as Personal Representative of the Estate of Eric Gabriel Padilla, deceased, And P.P., a minor child, by and through her mother and Next Of Friend Andrea Pankratz v. Defendant(s): The Roosevelt County Board of County Commissioners, a political Sub-Division of the State of New Mexico, Justin Porter, Lieutenant Mathew Vigil, Detention Officer Jesus Lavelle, in their individual capacities and Wellpath LLC, formerly known as Correct Care Solutions, LLC | Defendant: The Roosevelt County Board of County Commissioners, c/o Mandi Park, Roosevelt County Clerk Address: Roosevelt County Courthouse 109 West 1st St., Portales, NM 88130 |

**TO THE ABOVE-NAMED DEFENDANT The Roosevelt County Board of County Commissioners, c/o Mandi Park, Roosevelt County Clerk, Roosevelt County Courthouse, 109 West 1st. Street, Portales, New Mexico 88130:** Take notice that:

      1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

      2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

      3.     You must file (in person or by mail) your written response with the Court. **When you file your response, you must give or mail a copy to the person who signed the lawsuit.**

      4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

      5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

      6.     If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____Portales_____, New Mexico, this 15th day of ___June___, 2021 .

CLERK OF COURT

By: /s/ Christine Randall
Deputy

ERIC D. DIXON
Attorney & Counselor at Law, P.A.
301 South Avenue A.
Portales, New Mexico 88130
(575) 359-1233; Fax No.: (575) 356-4946
Email Address: eric@ericdixonlaw.net
Attorney for

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

NINTH JUDICIAL DISTRICT
FI:
2021 JUN 15   PM 12: 03

ISS
**SUMMONS**

| District Court: Ninth Judicial Roosevelt County, New Mexico Court Address: 109 W. First St. Portales, New Mexico 88130 Court Telephone No.: (575) 359-6920 | Case Number:   D-911-CV-2021-00090 Judge: Donna Mowrer |
|---|---|
| Plaintiff(s): Andrea Pankratz as Personal Representative of the Estate of Eric Gabriel Padilla, deceased, And P.P., a minor child, by and through her mother and Next Of Friend Andrea Pankratz v. Defendant(s): The Roosevelt County Board of County Commissioners, a political Sub-Division of the State of New Mexico, Justin Porter, Lieutenant Mathew Vigil, Detention Officer Jesus Lavelle, in their individual capacities and Wellpath LLC, formerly known as Correct Care Solutions, LLC | Defendant: Detention Officer Jesus Lavelle Address: c/o Roosevelt County Detention Center, 1700 N. Boston, Portales, NM 88130 |

**TO THE ABOVE-NAMED DEFENDANT Detention Officer Jesus Lavelle, c/o Roosevelt County Detention Center, 1700 N. Boston, Portales, New Mexico 88130:** Take notice that:

 1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

 2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

 3. You must file (in person or by mail) your written response with the Court. **When you file your response, you must give or mail a copy to the person who signed the lawsuit.**

 4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

 5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

 6. If you need an interpreter, you must ask for one in writing.

 7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico

for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

     Dated at _____ Portales _____, New Mexico, this 15th_ day of ___June___,
2021_ .

CLERK OF COURT

By: /s/ Christine Randall
Deputy

ERIC D. DIXON
Attorney & Counselor at Law, P.A.
301 South Avenue A.
Portales, New Mexico 88130
(575) 359-1233; Fax No.: (575) 356-4946
Email Address: eric@ericdixonlaw.net
Attorney for

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.



NINTH JUDICIAL DISTRICT
FIL...
2021 JUN 15 PM 12: 02

## SUMMONS

| District Court: Ninth Judicial Roosevelt County, New Mexico Court Address: 109 W. First St. Portales, New Mexico 88130 Court Telephone No.: (575) 359-6920 | Case Number:   D-911-CV-2021-00090 Judge: Donna Mowrer |
|---|---|
| Plaintiff(s): Andrea Pankratz as Personal Representative of the Estate of Eric Gabriel Padilla, deceased, And P.P., a minor child, by and through her mother and Next Of Friend Andrea Pankratz v. Defendant(s): The Roosevelt County Board of County Commissioners, a political Sub-Division of the State of New Mexico, Justin Porter, Lieutenant Mathew Vigil, Detention Officer Jesus Lavelle, in their individual capacities and Wellpath LLC, formerly known as Correct Care Solutions, LLC | Defendant: Justin Porter Address: c/o Roosevelt County Detention Center, 1700 N. Boston, Portales, NM 88130 |

**TO THE ABOVE-NAMED DEFENDANT Justin Porter, c/o Roosevelt County Detention Center, 1700 N. Boston, Portales, New Mexico 88130:** Take notice that:

     1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

     2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

     3.    You must file (in person or by mail) your written response with the Court.  **When you file your response, you must give or mail a copy to the person who signed the lawsuit**.

     4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

     5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

     6.    If you need an interpreter, you must ask for one in writing.

     7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico

for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____Portales_____, New Mexico, this 15th day of ___June___,
2021 .

CLERK OF COURT

By: /s/ Christine Randall
Deputy

ERIC D. DIXON
Attorney & Counselor at Law, P.A.
301 South Avenue A.
Portales, New Mexico 88130
(575) 359-1233; Fax No.: (575) 356-4946
Email Address: eric@ericdixonlaw.net
Attorney for

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

NINTH JUDICIAL DISTRICT
T. NM

7071 JUN 15 PM 12: 03

*ISS*

# SUMMONS

| District Court: Ninth Judicial Roosevelt County, New Mexico Court Address: 109 W. First St. Portales, New Mexico 88130 Court Telephone No.: (575) 359-6920 | Case Number:    D-911-CV-2021-00090 Judge: Donna Mowrer |
|---|---|
| Plaintiff(s): Andrea Pankratz as Personal Representative of the Estate of Eric Gabriel Padilla, deceased, And P.P., a minor child, by and through her mother and Next Of Friend Andrea Pankratz v. Defendant(s): The Roosevelt County Board of County Commissioners, a political Sub-Division of the State of New Mexico, Justin Porter, Lieutenant Mathew Vigil, Detention Officer Jesus Lavelle, in their individual capacities and Wellpath LLC, formerly known as Correct Care Solutions, LLC | Defendant: Lieutenant Mathew Vigil Address: c/o Roosevelt County Detention Center, 1700 N. Boston, Portales, NM 88130 |

**TO THE ABOVE-NAMED DEFENDANT Lieutenant Mathew Vigil, c/o Roosevelt County Detention Center, 1700 N. Boston, Portales, New Mexico 88130:** Take notice that:

    1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

    2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

    3.    You must file (in person or by mail) your written response with the Court.  **When you file your response, you must give or mail a copy to the person who signed the lawsuit**.

    4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    6.    If you need an interpreter, you must ask for one in writing.

    7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico

for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

     Dated at      Portales     , New Mexico, this 15th day of    June   ,

20 21 .

CLERK OF COURT

By: /s/ Christine Randall

Deputy

ERIC D. DIXON

Attorney & Counselor at Law, P.A.

301 South Avenue A.

Portales, New Mexico 88130

(575) 359-1233; Fax No.: (575) 356-4946

Email Address: eric@ericdixonlaw.net

Attorney for


THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

NINTH JUDICIAL DISTRICT
FIL    OFFICE

2021 JUN 15 PH 12: 03

*ISS*
**SUMMONS**

| | |
|---|---|
| District Court: Ninth Judicial Roosevelt County, New Mexico Court Address: 109 W. First St. Portales, New Mexico 88130 Court Telephone No.: (575) 359-6920 | Case Number:  D-911-CV-2021-00090 Judge: Donna Mowrer |
| Plaintiff(s): Andrea Pankratz as Personal Representative of the Estate of Eric Gabriel Padilla, deceased, And P.P., a minor child, by and through her mother and Next Of Friend Andrea Pankratz v. Defendant(s): The Roosevelt County Board of County Commissioners, a political Sub-Division of the State of New Mexico, Justin Porter, Lieutenant Mathew Vigil, Detention Officer Jesus Lavelle, in their individual capacities and Wellpath LLC, formerly known as Correct Care Solutions, LLC | Defendant: Wellpath LLC, a foreign limited liability company Address: c/o Corporate Creations Network Inc., 400 Pennsylvania Avenue, Roswell, NM 88201 |

**TO THE ABOVE-NAMED DEFENDANT Wellpath LLC c/o Corporate Creations Network Inc., 400 Pennsylvania Avenue, Roswell, NM 88201:** Take notice that:

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court.  **When you file your response, you must give or mail a copy to the person who signed the lawsuit.**

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico

for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

     Dated at _____Portales_____, New Mexico, this 15th_ day of __June___,
2021_ .

CLERK OF COURT

By: /s/ Christine Randall
Deputy

ERIC D. DIXON
Attorney & Counselor at Law, P.A.
301 South Avenue A.
Portales, New Mexico 88130
(575) 359-1233; Fax No.: (575) 356-4946
Email Address: eric@ericdixonlaw.net
Attorney for

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

9th JUDICIAL DISTRICT COURT
Roosevelt County
6/15/2021 9:32 AM
VICKI J. WILKERSON
CLERK OF THE COURT
Christine Randall

**STATE OF NEW MEXICO**
**COUNTY OF ROOSEVELT**
**IN THE NINTH JUDICIAL DISTRICT COURT**

**ANDREA PANKRATZ, as Personal Representative**
**Of the Estate of Eric Gabriel Padilla, deceased,**
**And P.P, a minor child, by and through her mother and Next**
**Of Friend Andrea Pankratz,**
                           **Plaintiffs,**
**vs.**

**THE BOARD OF COUNTY COMMISSIONERS**
**FOR ROOSEVELT COUNTY, a political sub-**
**Division of the State of New Mexico, JUSTIN**
**PORTER, LIEUTENANT MATHEW VIGIL,**
**DETENTION OFFICER JESUS LAVELLE,**
**In their individual capacities, and**
**WELLPATH LLC, formerly known as**
**CORRECT CARE SOLUTIONS, LLC,**
                           **Defendants.**          **No.**     D-911-CV-2021-00090

## <u>JURY DEMAND</u>

**Plaintiffs**, by and through their undersigned counsel, demand a trial by a six-

person jury of all issues triable of right by jury and hereby tenders the sum of $150.00

for jury fee.


                           Respectfully Submitted:


                           /s/ Eric D. Dixon
                           **ERIC D. DIXON, ESQUIRE**
                           Attorney and Counselor at Law, P.A.
                           301 South Avenue A
                           Portales, NM 88130
                           Tel. 575-359-1233
                           Fax. 575-356-4946
                           Attorney for Plaintiffs
                           eric@ericdixonlaw.net

9th JUDICIAL DISTRICT COURT
Roosevelt County
6/15/2021 9:32 AM
VICKI J. WILKERSON
CLERK OF THE COURT
Christine Randall

STATE OF NEW MEXICO
COUNTY OF ROOSEVELT
IN THE NINTH JUDICIAL DISTRICT COURT

ANDREA PANKRATZ, as Personal Representative
Of the Estate of Eric Gabriel Padilla, deceased,
And P.P., a minor child, by and through her mother and Next
Of Friend Andrea Pankratz,

                Plaintiffs,

vs.

THE BOARD OF COUNTY COMMISSIONERS
FOR ROOSEVELT COUNTY, a political sub-
Division of the State of New Mexico, JUSTIN
PORTER, LIEUTENANT MATHEW VIGIL,
DETENTION OFFICER JESUS LAVELLE,
In their individual capacities, and
WELLPATH LLC, formerly known as
CORRECT CARE SOLUTIONS, LLC,

                Defendants

Cause No.   D-911-CV-2021-00090

## CIVIL COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs Andrea Pankratz, as Personal Representative of the

Estate of Eric Gabriel Padilla, deceased, and P.P., a minor child by and through her

mother and Next of Friend Andrea Pankratz, by and through their undersigned

attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New

Mexico, and for their Civil Complaint for Damages, states:



EXHIBIT

B

**1.**   **Introduction**

1.     Eric Gabriel Padilla was thirty-seven years old, the father of one small child, died on November 11th, 2020 as a result of Defendants' failure to provide him with the medical care to which he was entitled.

2.     Mr. Padilla was arrested on March 18th, 2020 on an alleged bench warrant from Union County, New Mexico. There was a cash bond of five thousand dollars which Mr. Padilla was unable to post.

3.     Mr. Padilla had been detained at the Roosevelt County Detention Center since March 18th, 2020 for a total of two hundred and thirty-eight days at the time of his death on November 11th, 2020.

4.     Mr. Padilla died as a result of a suicide according to the University of New Mexico Medical Investigator's office.

5.     Defendants could have prevented his death if he had received appropriate medical treatment. His death was directly caused by the failure of the Defendant Board of County Commissioners for Roosevelt County (hereinafter "Roosevelt County"), and its employees to provide constitutionally adequate medical treatment to him and by their violation of federal statutory laws designed to provide medical treatment to persons with known disabilities. Moreover, during his detention, Mr. Padilla was denied proper medical attention including proper

2

attention to his severe diabetes mellitus. Mr. Padilla complained repeatedly about going blind. He asked repeatedly to go to a physician, but was refused. He was not give a diabetic diet despite repeated request. He had such intestinal pain that he would break down and cry in agony.

6.      The Roosevelt County Detention Center did not and does not have the ability or resources to care for a complex medical condition such as diabetes mellitus. Mr. Padilla's legs swelled because of edema. His asthma was made worse by his incarceration in the dank, poorly ventilated facility. He had depression which was not addressed by the facility. These failures amounted to deliberate indifference to the rights of Mr. Padilla, cruel and unusual punishment, and denial of procedural and substantive due process and equal protection in violation of the State and Federal Constitutions and violated rights secured to him under New Mexico law.

7.      Mr. Padilla was targeted by other detainees for physical retaliation by other detainees which was well known to the Defendants. He was punched in the back of the head while detained by another inmate who was known to be dangerous. The Detention Center failed to keep its building reasonably safe for its occupants including Mr. Padilla.

8.      At one point during his detention, Mr. Padilla requested that he be given his tennis shoes because of the swelling of his feet. This request was sadistically denied by employees of the Detention Center. He requested a blanket to prop up his foot because of his edema. A nurse threatened to take the blanket away if Mr. Padilla used the blanket for warmth rather than propping his leg up.

9.      Mr. Padilla was found in his cell on November 11th, 2020 "unresponsive."

10.     The Defendant's Detention Center was unreasonably unsafe for its detainees including Mr. Padilla throughout this period leading to his death on November 11th, 2020.

11.     Mr. Padilla's death was a direct and proximate result of policies, practices and customs maintained by Defendant Roosevelt County that caused, permitted and/or condoned the failure to provide legally sufficient medical treatment to detainees, especially to detainees like Mr. Padilla who were known to be suffering from depression.

12.     The Defendants and its employees failed to properly render first aid or medical care to Mr. Padilla on November 11th, 2020, and improperly failed to monitor him because of chronic understaffing, ill-training, and lack of supervision of detention officers which amounted to deliberate indifference to the constitutional and statutory rights of Mr. Padilla.

4

13.     The Defendants then released a "press release" claiming that Mr. Padilla "was found unresponsive in the Roosevelt County Detention Center" on November 11th, 2020 among other claims in violation of Mr. Padilla's right of privacy.

## II. Parties and Jurisdiction

14.     Plaintiff Andrea Pankratz is a resident of Kansas. She is the mother of P.P., a minor child. She is the Plaintiff in the present law-suit in two capacities, to wit: as the Personal Representative of the Estate of Eric Padilla, deceased, and as the mother and next of friend of Plaintiff P.P., a minor child residing in Kansas. Plaintiff P.P. is the sole beneficiary of the Estate of Eric Padilla[1] pursuant to Section 41-2-1 NMSA 1978, as Personal Representative, she brings state law claims against Defendant County of Roosevelt under the New Mexico Tort Claims Act and brings federal law claims under all the defendants pursuant to 42 U.S.C. §1983, the Americans With Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504").

15.     Plaintiff P.P., brings a loss of consortium claim against Defendant Roosevelt County under the New Mexico Tort Claims Act.

---

[1] Adelina Sisk the alleged surviving spouse of Eric Padilla has made a "Petition for Allowance" in Roosevelt County, New Mexico Cause No. D-911-PB-2021-00001 which has been denied by the Personal Representative.

5

16.     Defendant Board of County Commissioners of Roosevelt County is the

governmental entity responsible for operation and maintenance of the Roosevelt

County Detention Center. This responsibility included the hiring, retention,

training, supervision and discipline of Roosevelt County Detention Administrator,

and other Detention Center employees and officials, including the other

Defendants. The Roosevelt County Board of County Commissioners is the entity

liable in law-suits for damages caused by employees of Roosevelt County.

17.     Defendant Justin Porter, was the Detention Center Administrator for

Roosevelt County. Defendant Justin Porter's, duties required, among other things,

overseeing all the operations of the Roosevelt County Detention Center and

exercising general supervisory authority over all Detention Center employees.

Defendant Justin Porter's management and enforcement duties include staffing,

training, and providing facilities that should have provided Mr. Padilla with

constitutionally adequate health care and protection to address the illness and

disability he suffered from.

18.     Defendant Porter had a legal obligation to identify all members of the

detention population with medical and/or mental health conditions which may be

worsened as a result of being incarcerated. Defendant Porter had an obligation to

make every effort to have such detainees released, transferred or otherwise

6

removed from the correctional setting. Defendant Porter breached his legal duty in regarding to Mr. Padilla.

19.     Defendant Mathew Vigil, and Jesus Lavelle, are law enforcement officers within the meaning of the New Mexico Tort Claims Act. Upon information and belief, these Defendants reside in Roosevelt County, New Mexico. Defendant Vigil and Lavelle, are sued in their individual capacity. At all times material hereto, Defendant Vigil and Lavelle acted within the scope of their employment and under color of law.

20.     Defendant Wellpath L.L.C., is a foreign (Delaware) limited liability Company doing business within the State of New Mexico. At all times material it was the provider of medical and mental health services at the Roosevelt County Detention Center. Wellpath L.L.C. has a contract with Roosevelt County for the provision of on- site mental health services for detainees which include evaluations, referrals, crisis management, suicide intervention, individual therapy, group therapy, basic community linkage and continuity of care along with management of diabetic detainees and those detainees with high-blood pressure. Defendant Wellpath L.L.C. currently receives $613,152.36 per year for its services. Defendant Wellpath L.L.C., may be served with process by its registered agent for service of process, to

wit: Corporate Creations Network Inc., 400 Pennsylvania Avenue, Roswell, New Mexico, 88201.

21.     Plaintiffs bring this action for money damages as allowed by the New Mexico Tort Claims Act, 1978 NMSA §§41-4-6, 41-4-9, 41-4-10, and 41-4-12. Notice of these claims was provided to Defendant Roosevelt County on January 6th, 2021, less than ninety (90) days after Mr. Padilla's death. Plaintiffs also assert claims pursuant to 42 U.S.C. §1983, Section 504, and Title II of the ADA and for medical negligence against Wellpath LLC.

**III. Historical Facts Regarding the Operation and Maintenance of the Roosevelt County Detention Center.**

22.     Defendant Roosevelt County operates the Roosevelt County Detention Center. Defendant is the recipient of federal financial assistance. Pursuant to 1978 NMSA §33-3-28, the principal duty of Defendant Porter, and Vigil and the employees they supervised at the Roosevelt County Detention Center is to hold and protect in custody persons accused of or convicted of a criminal offense. Inmates at the Detention Center are totally dependent on Roosevelt County for obtaining medical care and treatment. Defendants were responsible under state and federal law to provide appropriate, adequate medical treatment to detainees.

23.     The individual Defendants were public employees within the meaning of

1978 NMSA § 41-4-3 (F). Additionally, except for Wellpath LLC, the principal duty

of these public employees was to hold in custody and protect persons accused or

convicted of a criminal offense. As such, they are law enforcement officers within

the meaning of 1978 NMSA § 41-4-3 (D) of the New Mexico Tort Claims Act.

24.     All the Defendants had a duty to exercise reasonable care to protect the

lives and safety of persons incarcerated in the Roosevelt County Detention Center

and placed in the custody of Defendant Roosevelt County. This duty included the

provision of medical care that, at a minimum, met national standards for medical

treatment in a correctional institution between March 18th, 2020 and November

11th, 2020.

25.     Defendant Roosevelt County has long suffered from endemic incompetence

at the Detention Center manifested among other things, in a long history of

deliberate indifference to the medical care to inmates.

**IV. Defendants' Deliberate Indifference to the Obvious Medical Needs of Mr.
Padilla**

26.     Eric Padilla was a young man who loved and was loved by his family. He

adored his daughter. He was a song writer and wrote a song about his daughter

9

and placed it on YOUTUBE. His daughter still has a copy of the song and plays it frequently when she misses her father.

27.      On March 18th, 2020, Mr. Padilla was arrested on a bench warrant out of Union County, New Mexico. He was a pre-trial detainee who was unable to make the five thousand dollar ($5,000) cash bond.

28.      On March 18th, 2020, a Licensed Practical Nurse by the name of Hailey Skelton employed by Wellpath LLC conducted a "Receiving and Screening" for Mr. Padilla. She noted that he was a diabetic and received Glipizide and also hypertensive and took Lisinopril. He had been previously diagnosed with depression and was taking Celexa for depression. In addition, he indicated that family and/or friends had attempted suicide or died from suicide. Mr. Padilla noted a sense of hopelessness and was thinking about how to kill himself. It was noted that a referral to mental health was urgently needed.  On March 19th, 2020 Roy J. Abril, LMFT an employee of Wellpath LLC filled in a "Suicide Watch Daily Assessment" at 4:50 p.m. It was noted that there were current suicidal ideations, high risk of self-harm, and had engaged in self-harm since the last evaluation. He was supposed to be watched every 15 minutes. On March 20th, 2020 Mr. Padilla was released to general population despite serious mental health issues including suicidal thoughts

29.     On April 18th, 2020 Mr. Padilla was attacked by another inmate causing a

two-inch laceration under his right eye requiring emergency treatment.

30.     On July 10th, 2020, Mr. Padilla complained that the current antidepressant

(Celexa) was not working any more. On July 22nd, 2020, Prozac (20 mg), was

started for a six-week period by J. Bassell a Nurse Practitioner employed by

Wellpath LLC. On September 2nd, 2020, Mr. Padilla was given a ninety-day

prescription for Prozac (20mg) by a nurse practitioner.

31.     On many occasions Mr. Padilla did not make it to the "med pass" and so his

much needed life-sustaining medication was not administered without any

further inquiry by any of the Defendants despite their obligation to make such

inquiries.

**V. Defendants Failure to Provide Medical Treatment to detainees who were
known to be suicidal and failure to provide adequate medical treatment to
detainees with chronic medical conditions including proper diet and medicine
were part of a pattern of conduct that posed threats to the health of Mr. Padilla
and all inmates who were similarly situated to him.**

32.      There have been any number of suicide attempts at the Roosevelt County

Detention Center during the last two decades. Defendants were aware of this.

Defendants failure to implement a program created a substantial risk of illness,

serious injury and death for all of these detainees.

33.     The decision by the Detention Center not to treat Mr. Padilla's depression

through properly supervised psychiatric care was based on a policy, practice and

custom instituted by Defendant Porter in regard to the operation of the Detention

Center whose decisions in regard to the operation and maintenance of the facility

represented the custom and policy of Defendant Roosevelt County. This policy,

practice and custom was done with the knowledge and acquiescence of the

Defendant Roosevelt County.

34.     Defendant Roosevelt County, and Defendant Porter owed a duty to the

public, including Mr. Padilla, to properly hire, retain, train, supervise and

discipline its employees, contractors, and agents in carrying out their duties in the

operation and maintenance of the Roosevelt County Detention Center.

Defendants breached the foregoing duties, by, among other things, improperly

hiring and/or supervising Defendants Vigil and Lavelle and Wellpath LLC;

recklessly or through deliberate indifference refusing to adopt and implement a

suicide prevention program for detainees known to suffer from depression; failing

to properly train the medical provider at the Detention Center in the diagnosis

and treatment of detainees with depression. These failures by Defendant

Roosevelt County and its supervisory employees were the cause of the injuries

suffered by Plaintiffs as alleged above.

**VI. Claims for Relief**

35.     Because Mr. Padilla was in Defendants' Roosevelt County, Porter, Vigil, and Lavelle complete custody and control at all times and did not have the authority or the ability to provide for his own basic needs, including safe treatment for his depression, diabetes, and high-blood pressure; Defendants had a special relationship with Mr. Padilla and a heightened duty of care to provide these necessities and to prevent an unreasonable risk of harm to him.

36.     Defendants' discriminatory, reckless, deliberately indifferent and/or negligent acts and omissions increased the risk that Mr. Padilla would develop complications to his known depression, and cause his condition to deteriorate, diminishing his chance of improved health and causing him to lose his chance to survive.

37.     At all times material hereto, the acts and omissions of each Defendant were unreasonable, reckless, willful, and deliberately indifferent to Mr. Padilla's rights under the Eighth and/or Fourteenth Amendment.

38.     At all times material hereto, each Defendant acted negligently, recklessly and/or with deliberate indifference to the state law rights of Mr. Padilla.

39.     Defendants were aided in agency to commit such acts against Mr. Padilla by their total control over and custody of him and by his extreme physical and emotional vulnerability while in Defendants' custody and control.

40.     The above-described conduct of Defendants was a direct and proximate cause of the deprivation of Mr. Padilla's clearly established Eighth and Fourteenth Amendment rights and his rights under New Mexico state law and resulted in the foreseeable physical and emotional pain and suffering, rapidly declining health and physical condition, lost chance for his condition to improve, lost chance for him to survive and, ultimately, his death.

**A.      The Federal Claims of the Estate of Eric Padilla**

**i.      The Deliberate indifference of Defendants Roosevelt County, Porter, Vigil and Lavelle were a direct cause of his death and violated his clearly established Eighth and/or Fourteenth Amendment Rights.**

41.      As set forth above, these Defendants Roosevelt County, Porter, Vigil, and Lavelle violated Mr. Padilla's Eighth and/or Fourteenth Amendment rights in the following ways, to wit:

a.      From the time Mr. Padilla was incarcerated at the Roosevelt County jail on March 18th, 2020, all Defendants (except Lieutenant Vigil and Detention Officer Lavelle), knew or should have known that he suffered from a serious medical

condition: depression and suicidal ideation. Defendants should have been passing

by Mr. Padilla's cell at least every fifteen minutes and making contact but this was

not done. These Defendants knew that the failure to treat this condition with

proper medication posed an obvious and substantial risk to the health of Mr.

Padilla, including an obvious and substantial risk to his life. Defendants as a

matter of policy and/or custom refused to provide any psychiatric treatment and

otherwise refused or failed to provide any other appropriate medical treatment

for Mr. Padilla's serious medical conditions. Defendants refusal to provide him

with appropriate psychiatric intervention and treatment constituted deliberate

indifference to his medical condition. Defendants' acts and omissions led to Mr.

Padilla's suicide.

## ii.     Defendant Roosevelt County violated statutory rights guaranteed to Mr. Padilla under Title II of the Americans With Disabilities Act and Section 504 of the Rehabilitation Act of 1973

42.     As alleged above, Mr. Padilla suffered from a chronic disability depression.

As with many other chronic disabilities and diseases, depression involves cycles of

relapse and remission. Without treatment or other recovery, depression may

result in premature death.

43.     Mr. Padilla was a qualified individual with a disability within the meaning of

Title II of the ADA and Section 504.

44.     Defendant Roosevelt County was a public entity within the meaning of the ADA as were its agencies and departments. Additionally, Defendant Roosevelt County was the recipient of federal financial assistance within the meaning of Section 504.

45.     As a qualified individual with a disability under these two federal statutes, Mr. Padilla had a right not to be denied the benefits of services, programs, or activities or to be otherwise discriminated against on account of his disability in receiving such services and programs. Under these two federal statutes, the medical care provided by Defendants to detainees at the Roosevelt County Detention Center is a "service" that detainees must receive without discrimination on account of disability.

46.     Defendants failed to provide Mr. Padilla necessary treatment because of his disability. Defendants routinely provide treatment to detainees for other chronic disabilities and diseases. Mr. Padilla and other detainees who suffer from depression are the only inmates with a chronic serious disabling illness to whom Defendants refused to provide proper treatment. Defendant Roosevelt County discriminated against Mr. Padilla by completely denying him necessary medical service and treatment because of his disability and this conduct was a direct cause of his death.

16

47.     Additionally, when Defendants refused to provide Mr. Padilla with proper

psychiatric care and medications, they intentionally denied him the reasonable

accommodation for his disability to which he was entitled under the ADA and

Section 504 without this accommodation, Defendants deprived him of treatment

necessary to effectively manage his disability. By denying Mr. Padilla this

reasonable accommodation to his disability, Defendants unlawfully denied him

meaningful access to the Roosevelt County's health care services and other

programs available to other detainees.

**B.     The State Law Claims of the Estate of Eric Padilla**

48.      Defendant Roosevelt County's immunity is waived under the New Mexico

Tort Claims Act pursuant to NMSA 1978 §§ 41-4-6; 41-4-9; 41-4-10, and 41-4-12.

49.     Defendant Roosevelt County is directly responsible to Plaintiffs for the

negligent and/or intentional acts and omissions of their respective employees,

contractors, and agents under the doctrine of vicarious liability and/or

respondent superior.

50.     Defendant Roosevelt County and its employees, contractors, and agents

maintained and operated the Roosevelt County Detention Center and pursuant to

NMSA 1978 § 41-4-6 had a duty to exercise reasonable care in the provision of

medical care to inmates and in carrying out their duties as law enforcement officers/ corrections officers.

51.     For purposes of Plaintiffs' claims under NMSA 1978 §41-4-9, Defendant Roosevelt County operated a "hospital, infirmary, mental institution, clinic, dispensary, medical care home or like facilities" within the Roosevelt County Detention Center. In fact, detainees had no access to any health care or treatment other than what Defendant provided at its medical unit.

52.     For purposes of Plaintiffs' claims under NMSA 1978 §41-4-10, Defendant Roosevelt County's employees, contractors, and/or agents, including Wellpath LLC are qualified and licensed health care providers. In fact, detainees had no access to any health care providers other than those Defendant provided in its medical unit or to whom a detainee was referred by Defendants' employees.

53.     As set forth above in this Complaint between March 18th and November 11th, 2020, Defendant Roosevelt County failed to provide adequate medical treatment to detainees at the Roosevelt County Detention Center and failed to protect the general population of inmates by failing to provide appropriate psychiatric treatment program to inmates at the Detention Center, and by otherwise failing to provide reasonable medical care and treatment to detainees.

18

54.     Defendant Roosevelt County, and its employees, contractors, and agents, were charged with a duty to Mr. Padilla and other detainees to exercise reasonable care in the maintenance and operation of the Roosevelt County Detention Center premises to ensure safe and sanitary conditions existed. They also had a duty to provide detainees with adequate medical care for their serious medical needs.

55.     Defendant Roosevelt County breached the duty of care it owed to Mr. Padilla because it failed to exercise reasonable care in the manner in which it operated and maintained health and safety inside the Roosevelt County Detention Center. It failed to implement and/or follow adequate procedures and failed to otherwise take reasonable precautions to treat inmates who it knew suffered from depression. Defendant failed to take reasonable steps to implement a suicide prevention program. These failures by the employees of the Defendant was a cause of the violation of Plaintiffs' state common law rights and his state constitutional right to receive constitutionally adequate medical care for his serious medical needs.

56.     Defendant Roosevelt County further breached the duty of care it owned Mr. Padilla by its negligent failure to provide adequate medical treatment for his

19

serious medical needs. This includes failure to properly diagnose and treat Mr. Padilla's depression; high-blood pressure and diabetes.

57.     The negligent failures of Defendant Roosevelt County described in the preceding paragraphs were a direct cause of the injuries suffered by and the death of Mr. Padilla.

58.     Defendant Roosevelt County's negligence was of a kind which made the Roosevelt County Detention Center premises dangerous to members of the public and detainees such as Mr. Padilla.

59.     Defendant Roosevelt County owed a duty to the public including Mr. Padilla and Plaintiff P.P. to properly hire, retain, train, supervise and discipline its employees, contractors, and agents in carrying out their duties in the operation and maintenance of the Roosevelt County Detention Center. Defendant breached the foregoing duties by among other things failing to adopt an adequate suicide prevention program; negligently failing to properly train the Detention Center staff in the treatment of detainees suffering from depression; failure to adequately staff the Detention Center; failure to properly monitor detainees with known depression and suicidal ideation. These failures by Defendant and its supervisory employees were a cause of the violation of the rights and of the injuries suffered by Plaintiffs as alleged above.

**C.      The State Law Claims for Loss of Consortium Pursuant to the New Mexico Tort Claims Act of Plaintiff P.P. against Defendant Roosevelt County**

60.      Plaintiff P.P., as the biological minor child of Eric Padilla, had a close, loving, mutually dependent familial relationship with Eric Padilla prior to his death in November 2020. She loved her father deeply and was dependent on him to provide emotional and parental support.

61.      As a direct and proximate result of the intentional, reckless, grossly negligent and/or negligent acts and omissions of Defendant Roosevelt County, including its supervisors, employees, contractors, agents, and servants, Plaintiff P.P. suffered the loss of consortium with her father, Eric Padilla, including his society, guidance, companionship, support, and other aspects of the loss of the relationship resulting from Eric Padilla's death.

62.      Defendant Roosevelt County's immunity has been waived with respect to this claim, and as a minor child dependent on Eric Padilla, Plaintiff P.P., has a right to pursue this action for loss of consortium.

63.      Plaintiff P.P.'s loss of consortium was caused by the negligent and tortious actions of Defendant Roosevelt County, including its employees, contractors, servants, and agents.

64.     As a direct and proximate result of Roosevelt County's negligence and other tortious conduct, including that of their employees, contractors, and agents, Plaintiff P.P. suffered the damages set forth below.

**D.    Claim for medical negligence, breach of fiduciary duties against Wellpath LLC**

65.     Plaintiffs incorporate paragraphs 20, 28 and 30 as if set forth herein.

66.     In treating, making diagnosis of and caring for Mr. Padilla, Defendant Wellpath LLC had a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified health care providers practicing under similar circumstances giving due consideration to the locality involved.

67.     Defendant Wellpath LLC had a duty to tell Mr. Padilla that another treatment provider was needed to treat him for his mental health problems, to wit: a psychiatrist.

68.     Defendant Wellpath LLC was negligent in its diagnosis, care and treatment of Mr. Padilla including but not limited to allowing an Licensed Practical Nurse (LPN), to make an initial assessment regarding Mr. Padilla's mental state and otherwise failing to provide competent providers of mental health services and other medical services; failing to inquire into why Mr. Padilla was not taking his

medication; failure to follow up and seek treatment after Mr. Padilla's mental health crisis on November 10th, 2020; Defendant knew or should have known that a doctor with other qualifications was needed for Mr. Padilla to receive proper treatment but failed to tell Mr. Padilla or seek proper treatment for Mr. Padilla.

69.     Defendant Wellpath LLC owed Mr. Padilla a fiduciary duty in treating him which it breached.

70.     Plaintiffs have been damaged by Defendant Wellpath LLC's negligence and breach of fiduciary duties.

**VII. Damages.**

71.     As a direct and proximate result of the wrongful and negligent actions and omissions of the Defendants described above, the Estate of Eric Padilla represented here by Plaintiff Andrea Pankratz was injured and is entitled to recover for the following damages in an amount to be determined by the trier of fact, to wit:

A.     The intense physical and emotional pain and suffering endured by Eric Padilla from the time he entered the Roosevelt County Detention Center on March 18th, 2020 until he died on November 11th, 2020.

B.     The present worth of the life of Eric Padilla to his Estate, having regard to the aggravating circumstances attending the wrongful and unlawful acts which

23

resulted in his death, as provided for by the New Mexico common law. Such

damages include hedonic damages for the value of the loss of life itself, and the

value of the loss of Mr. Padilla's enjoyment of life.

C.     The reasonable and necessary expenses for Mr. Padilla's funeral and burial

incurred by the Estate. Plaintiff Andrea Pankratz as representative of the Estate, is

entitled to recover special damages therefore in an amount to be determined at

the trial in this cause.

72.     As a direct and proximate result of the wrongful and negligent actions and

omissions of the Defendants described above, Plaintiff P.P. represented here by

Plaintiff Andrea Pankratz suffered the loss of consortium with her father and is

entitled to recover compensatory damages in an amount to be determined at the

trial of this cause.

73.     Because Defendants Porter, Vigil, and Lavelle acted with reckless disregard

for and deliberate indifference to the federal constitutional rights of Mr. Padilla,

the Estate of Eric Padilla is entitled to recover punitive damages against these

defendants in their individual capacities in an amount to be determined by the

trier of fact.

WHEREFORE, Plaintiffs ask that this Court grant them the following relief, to wit:

   1.  Compensatory damages in an amount to be determined by the trier of fact;

2. Punitive damages against Defendants Porter, Vigil, and Lavelle in an

   amount to be determined by the trier of fact;

3. Pre-and post-judgment interest;

4. Attorneys' fees and costs incurred herein; and

5. Such other and further relief as the court deems just and proper.

Respectfully Submitted:

/s/ Eric D. Dixon

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
e-mail: eric@ericdixonlaw.net
-and-
Christian P. Christensen
Christian P. Christensen LLC
421 S Avenue C #D,
Portales, New Mexico, 88130
(575) 226-5291
Facsimile: (575) 226-5292
cpclaw@yucca.net